```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION
```

STEVEN HARDING,                )
                               )
        Plaintiff              )
                               )
    v.                         )   Case No. 2:05 cv 261
                               )
JOHN VANNATTA, in his capacity )
as Superintendent of Miami     )
Correctional Facility; JEFFREY )
PRATER; RICHARD TEUSCH,        )
                               )
        Defendants             )

OPINION AND ORDER

This matter is before the court on the Motion to Dismiss filed by the defendant, Richard Teusch, on August 9, 2006. For the reasons set forth below, this motion is **DENIED**.

Background

In July 2003, the plaintiff, Steven Harding, was a prisoner at the Miami Correctional Facility in Bunker Hill, Indiana. In his initial complaint filed on July 5, 2005, he alleged that Dexter Berry, another prisoner and the co-defendant in Harding's conviction, was released from segregation, placed in Harding's dorm, and given access to Harding's cell. Harding alleges that these events led to Berry's assault of Harding, which formed the basis of Harding's first complaint.

The complaint named John VanNatta, the superintendent of the Miami Correctional Facility, and the State of Indiana as defendants. In an amended complaint filed October 19, 2005, Harding added the defendants Jeffrey Prater and Richard Teusch, both

correctional officers at the facility, and also added claims arising from a November 6, 2003 attack on Harding by Teusch.

Harding attempted to serve Teusch through certified mail at the Miami Correctional Facility approximately one month after filing the amended complaint. The certified mail was accepted at the facility but later returned to Harding's attorney with the notation that the addressee was "not at the Miami Corr. Facility" and that the address lacked a "DOC name and number." It is not clear how long Harding's attempted service on Teusch was at the Miami facility before being returned to Harding.

However, on April 7, 2006, the deputy attorney general for the State of Indiana, who represents the other defendants in this matter, informed Harding's attorney that Teusch had not been employed ay the facility since December 2003, and he provided the attorney with Teusch's last known address. Harding again attempted service on Teusch, which was accomplished on June 19, 2006, 188 days after the expiration of the 120-day period prescribed by the Federal Rules. Teusch seeks dismissal from the case on this basis.

## Discussion

Federal Rule of Civil Procedure 4(m) describes the length of time in which a plaintiff is required to obtain service. Prior to amendments to the Rule in 1993, absent a showing of good cause, failure to comply with the rule required dismissal of the unserved defendant without prejudice. ***Panaras v. Liquid Carbonic***

2

*Industries Corporation*, 94 F.3d 338, 339 (7th Cir. 1996). The amendment to the rule's time limit provision states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.
>
> Rule 4(m)

In *Panaras*, the Seventh Circuit, adopting the approach taken by the Third, Fifth and Tenth Circuits, held that "a district court must first inquire whether a plaintiff has established good cause for failing to effect timely service." *Panaras*, 94 F.3d at 340. If good cause is shown, the rule mandates an extension of time. *Panaras*, 94 F.3d at 340; *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006). If the plaintiff does not meet his burden of showing good cause, the rule, distinct from its prior version, provides the court with the "choice between dismissing the suit and giving the plaintiff more time." *McLaughlin*, 470 F.3d at 700; *Coleman v. Milwaukee Board of School Directors*, 290 F.3d 932, 934 (7th Cir. 2002)("[T]he case law allows the district court to extend the time for service even if there was no good cause for the plaintiff's missing the deadline.").

Though the "rule specifies no criterial for the exercise of mercy," Seventh Circuit cases provide guidance to the exercise of this discretion. *McLaughlin*, 470 F.3d at 700. In *Coleman*, the

3

court noted that exercising discretion to permit service is more likely in cases where the defendant's ability to defend the suit is not harmed, where the defendant had received actual notice of the suit, and where dismissal without prejudice, as required by the rules, operated practically as a dismissal with prejudice due to the running of a statute of limitation. *Coleman*, 270 F.3d at 934. *See also* *Troxel v. Fedders of North America Incorporated*, 160 F.3d 381, 383 (7th Cir. 1998)("[D]istrict courts are permitted to take factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service into account."). The Seventh Circuit further recognizes that potential prejudice to the defendant is of particular importance:

> When delay in service causes zero prejudice to the defendant or third parties (or the court itself), the granting of extensions of time for service, whether before or after the 120-day period has expired, cannot be an abuse of discretion.
>
> *McLaughlin*, 470 F.3d at 700 (*citing* *United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess, Inc.*, 366 F.3d 767, 773 (9th Cir. 2004)

The defendant, relying in part on cases interpreting the rule prior to its 1993 amendment, argues that Harding's claims against Teusch should be dismissed for having failed to show good cause. Whether good cause was shown in this instance is dependent upon evidence that is not before the court. Harding's attorney received notification that attempted service on Teusch at the Miami Correction Facility failed. It is not clear whether the

attorney was made aware of this before or after the 120-day period expired.

It also is not clear that Teusch had actual notice of the suit, despite the fact that the attorneys for the other defendants, who subsequently appeared on behalf of Teusch as well, had notice that Teusch had been added and volunteered information regarding Teusch after the expiration of the time for service. It also is not clear what affect on Harding's inability to serve Teusch timely may have been caused by the mishandling of the certified mail at the Miami Correctional Facility. If Harding had learned that service failed prior to expiration of the 120-day period, he offers no explanation why additional efforts were not made before the time limit ran. These questions prevent Harding from meeting his burden of showing good cause. Accordingly, the court moves past the rule's requirement of a mandatory extension to examine whether a discretionary extension is appropriate.

Even assuming that Teusch had no knowledge of the suit until he received delayed service, allowing Harding's late service is warranted. First, service was attempted on Teusch within the time period, and eventual service has been made. In addition, though the rule anticipates dismissal without prejudice, this is a circumstance in which any dismissal bars the claim due to the statute of limitations. The defendant's only suggestion of prejudice is that "there is no reasonable way [Teusch] can know what memories, or what documents, were lost or eroded" between February 16, 2006 (the deadline for providing service) and June

19, 2006 (the day that service was accomplished.) The defendant provides no indication what memories or documents are subject to erosion or why this information is susceptible to being lost over a relatively brief four-month period. Absent prejudice, the court concludes that an extension of time is warranted in this matter.

_____

For the foregoing reasons, the Motion to Dismiss filed by the defendant, Richard Teusch, on August 9, 2006, is **DENIED**.

ENTERED this 21st day of February, 2007

s/ ANDREW P. RODOVICH
United States Magistrate Judge