UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STEVEN HARDING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:05 CV 261 |
| ) | |
| JOHN VANNATTA, et. al., ) | |
| ) | |
| Defendants. ) | |

## OPINION and ORDER

On October 19, 2005, plaintiff, Steven Harding, filed an amended complaint in this action, naming as defendants John VanNatta, Jeffrey Prater, and Richard Teusch. (Docket #11.) On April 7, 2006, upon receipt of the signed consent of plaintiff and defendants VanNatta and Prater, the clerk entered a "Notice of Reassignment of Case to Magistrate Judge Upon Full Consent of Parties," and the docket reflected that this case had been reassigned to Magistrate Judge Andrew P. Rodovich. (Docket #30.) On August 9, 2006, Teusch filed a motion to dismiss the claims against him. (Docket #26.) On February 21, 2007, Magistrate Judge Rodovich entered an order denying that motion. (Docket #38.) On March 7, 2007, Teusch, noting that he had not yet consented to Magistrate Judge Rodovich's exercise of jurisdiction in this matter, requested that this court review the February 21st order. (Docket #39.) On March 28, 2007, this court, finding that the parties had not fully consented to the reassignment of this case, entered an order: (1) vacating the April 7, 2006 reassignment, (2) construing the February 21st order as a Report and Recommendation, (3) construing Teusch's motion seeking review of the February 21st order as an objection to the Report and Recommendation, and (4)

granting the parties ten working days, as allotted by 28 U.S.C. § 636(b)(1), to file any additional objections to the Report and Recommendation. (Docket #41.) To date, no further objections have been filed. The court now reviews Magistrate Judge Rodovich's Report and Recommendation and Teusch's objection thereto. For the following reasons, the court **OVERRULES** Teusch's objection and **ADOPTS** the Report and Recommendation in its entirety.

When a party objects to a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C). The district court has discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; FED. R. CIV. P. 72(b).

Teusch seeks dismissal of the claims against him on the ground that he was not timely served. As summarized by Magistrate Judge Rodovich in his Report and Recommendation, the relevant background is as follows:

> In July 2003, the plaintiff, Steven Harding, was a prisoner at the Miami Correctional Facility in Bunker Hill, Indiana. In his initial complaint filed on July 5, 2005, he alleged that Dexter Berry, another prisoner and the co-defendant in Harding's conviction, was released from segregation, placed in Harding's dorm, and given access to Harding's cell. Harding alleges that these events led to Berry's assault of Harding, which formed the basis of Harding's first complaint.
>
> The complaint named John VanNatta, the superintendent of the Miami Correctional Facility, and the State of Indiana as defendants. In an amended complaint filed October 19, 2005, Harding added the defendants Jeffrey Prater and Richard Teusch, both correctional officers at the facility, and also added claims arising from a November 6, 2003 attack on Harding by Teusch.
>
> Harding attempted to serve Teusch through certified mail at the Miami Correctional Facility approximately one month after filing the amended

complaint. The certified mail was accepted at the facility but later returned to Harding's attorney with the notation that the addressee was "not at the Miami Corr. Facility" and that the address lacked a "DOC name and number." It is not clear how long Harding's attempted service on Teusch was at the Miami facility before being returned to Harding.

However, on April 7, 2006, the deputy attorney general for the State of Indiana, who represents the other defendants in this matter, informed Harding's attorney that Teusch had not been employed by the facility since December 2003, and he provided the attorney with Teusch's last known address. Harding again attempted service on Teusch, which was accomplished on June 19, 2006, 188 days after the expiration of the 120-day period prescribed by the Federal Rules. Teusch seeks dismissal from the case on this basis.

FEDERAL RULE OF CIVIL PROCEDURE 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time. . . ." FED. R. CIV. P. 4(m). RULE 4(m) also provides that where plaintiff shows good cause for failure to timely serve a defendant, "the court shall extend the time for service for an appropriate period." *Id*. Even where plaintiff has not demonstrated good cause, the Seventh Circuit has made clear that the district court may, in its discretion, extend time for service. *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002) (citations omitted). In determining whether to exercise such discretion, the court may consider "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service . . . " *Troxell v. Fedders of N. Am.*, 160 F.3d 381, 383 (7th Cir. 1998).

In the Report and Recommendation, Magistrate Judge Rodovich concluded that although plaintiff has not demonstrated good cause for failing to serve Teusch within

the 120 days allotted by RULE 4(m), an extension of time to serve Teusch is appropriate. Magistrate Judge Rodovich noted that plaintiff had in fact attempted to serve Teusch within the allotted 120 days, and eventually succeeded in serving Teusch, and that dismissing Teusch would in effect be dismissing him with prejudice because of a statute of limitations bar. Magistrate Judge Rodovich further noted that Teusch did demonstrate sufficient prejudice from an extension of time for service. Magistrate Judge Rodovich concluded on balance, that an extension of time for service is warranted, and that defendant's motion to dismiss for untimely service should therefore be denied. (Docket #38, at 5-6.) Teusch objects, arguing that neither the fact that plaintiff had attempted to serve Teusch within the allotted time period nor the fact that a grant of Teusch's motion to dismiss would time-bar plaintiff's claims is "sound" reason to deny Teusch's motion. Teusch contends that he "was entitled to believe that the statute of limitations would protect him from stale claims" and that he "should be permitted to move on with his life." (Teusch's Memo. in Objection, docket #40, at 2, 5.)

Having reviewed Magistrate Judge Rodovich's Report and Recommendation *de novo*, the court agrees with the reasoning therein. The fact that a dismissal will effectively time-bar plaintiff from bringing her claims against Teusch in the future is compelling. *See Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 341 (7th Cir. 1996) (quoting Fed. R. Civ. P. 4(m) Advisory Committee Note, 1993 Amendments) ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . ."). Both plaintiff's attempt to timely serve Teusch, as well as the successful service of the remaining defendants within the 120 day period are likewise

compelling. *Id.* ("When . . . . a lawyer has not waited until the end of a more generous statute of limitations before getting a suit going . . . . the fact that the suit cannot be resolved on the merits is a factor that must be given close attention.") Moreover, Teusch has not shown any actual harm to his ability to defend the suit as a consequence of a four-month delay in service. As such, the court finds that the balance of hardships weighs heavily in plaintiff's favor, and is inclined to permit plaintiff's claims to be resolved on the merits, rather than on a technicality. Accordingly, the court **OVERRULES** Teusch's objections to Magistrate Judge Rodovich's Report and Recommendation and **ADOPTS** the Report and Recommendation (docket #39) in its entirety. Teusch's motion to dismiss (docket # 26) is **DENIED**.

**SO ORDERED.**

    **Enter**: April 30, 2007

                                      s/James T. Moody_____
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT